**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3694-22

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

JIMMY L. KEARNEY, a/k/a
JIMMY LEE KEARNEY,

    Defendant-Appellant.

_____

Submitted January 15, 2025 – Decided April 25, 2025

Before Judges DeAlmeida and Puglisi.

On appeal from the Superior Court of New Jersey, Law Division, Union County, Indictment No. 17-02-0153.

Jennifer Nicole Sellitti, Public Defender, attorney for appellant (Susan Brody, Designated Counsel, on the brief).

James O. Tansey, First Assistant Prosecutor of Union County, Designated Prosecutor for the purpose of this appeal, attorney for respondent (Michele C. Buckley, Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Defendant Jimmy Kearney appeals from a May 22, 2023 Law Division order denying his petition for post-conviction relief (PCR) without an evidentiary hearing. We affirm.

I.

On the morning of October 31, 2016, police officers responding to a 911 call found Robert Rouse suffering from fatal gunshot wounds on an Elizabeth sidewalk. A video surveillance recording from a nearby business showed a suspect leave defendant's residence after Rouse walked by shortly before the shooting. The suspect followed Rouse until the two men exited the video's frame. Seconds later, the suspect is seen coming back into the video frame and entering the house he had just exited. A few moments later, the suspect again exited the residence, stood on the porch, and returned to the residence. The video did not capture the shooting. In the video, the victim was carrying a backpack. However, no backpack was found at the scene of the shooting.

The officers closed off traffic on the street and watched the residence to ensure no one exited while the prosecutor's office applied for a search warrant. Later that morning, the court issued a search warrant for the "entire" residence. The warrant permitted a no-knock entry and the seizure of physical evidence related to the shooting and robbery of Rouse.

2

After entering the residence, officers found defendant and several members of his family. The occupants, including defendant, were transported to police headquarters, where defendant was interrogated. Officers searching the residence found a handgun and a bloodstained white garbage bag containing Rouse's backpack in defendant's bedroom closet. During a series of interviews with detectives, some after defendant was notified of the items found in his bedroom, defendant gave conflicting accounts of his involvement in the shooting and made a number of incriminating statements.

Defendant was indicted and charged with: first-degree murder, N.J.S.A. 2C:11-3, first-degree felony murder, N.J.S.A. 2C:11-3(a)(3); first-degree robbery, N.J.S.A. 2C:15-1(a)(1); second-degree possession of a weapon for an unlawful purpose, N.J.S.A. 2C:39-4(a)(1); and second-degree unlawful possession of a weapon, N.J.S.A. 2C:39-5(b)(1).

Defendant moved to suppress the statements he made to police. After a six-day hearing, the trial court issued an oral decision denying the motion.

The following month, defendant pleaded guilty to felony murder pursuant to a plea agreement that preserved his right to appeal the denial of his suppression motion. In accordance with the agreement, the court sentenced

defendant to a thirty-year term of incarceration with a thirty-year period of parole ineligibility. The remaining charges were dismissed.

Defendant appealed the trial court's order denying his motion to suppress. We affirmed. State v. Kearney, No. A-4873-18 (App. Div. Dec. 10, 2021). The Supreme Court denied defendant's petition for certification. State v. Kearney, 251 N.J. 11 (2022).

On August 5, 2022, defendant filed a PCR petition. Defendant alleged he was denied effective assistance of counsel because his trial attorney failed to file a motion: (1) challenging the sufficiency of probable cause to support the search warrant; (2) contesting the no-knock aspect of the search warrant; (3) arguing the search of the garbage bag in defendant's bedroom went beyond the scope of the search warrant; and (4) requesting a hearing pursuant to Franks v. Delaware, 438 U.S. 154, 155-56 (1978), challenging the veracity of the testimony submitted in support of the search warrant.[1]

On May 22, 2023, Judge Stacey K. Boretz issued a written decision denying defendant's petition without an evidentiary hearing. The judge recounted the testimony of Detective Rudolfo Correia in support of the

---

[1] Defendant also argued trial counsel was ineffective for not sufficiently advocating for defendant at sentencing. Defendant did not raise this argument on appeal.

A-3694-22

application for a search warrant. Correia described what he saw in the video and testified the State was seeking a no-knock warrant because the officers would be looking for the gun that was used to kill Rouse.

Judge Boretz noted that at the conclusion of the search warrant hearing, the court considering the warrant application concluded there was probable cause to believe that the person who shot Rouse entered the residence very close in time to the shooting. The warrant court also found probable cause to search the entire home for evidence relating to the shooting and robbery, the proceeds of the robbery, blood, and who owned or lived in the home.

In addition, the warrant court found that a no-knock warrant was justified for the officers' safety because there was probable cause the suspect shot the victim moments before entering the residence and no weapon was recovered on scene. The warrant court found the officers would be placed in danger if they knocked before entering the residence.

Judge Boretz found that a motion to suppress the evidence obtained through the search warrant, if filed by trial counsel, likely would not have been successful. The judge noted that search warrants are viewed as presumptively valid and that a defendant bears the burden of demonstrating that the warrant was issued without probable cause or that the search was otherwise

5

unreasonable. See State v. Evers, 175 N.J. 355, 381 (2003). The judge carefully detailed the detective's testimony in support of the warrant which described what was depicted in the video and explained the foundation for the State having probable cause to believe that a person inside the residence was connected to the shooting and robbery. In addition, the judge found that the detective's testimony explained that the temporal proximity of the suspect's presence at the residence to the shooting and robbery supported probable cause that evidence connected to the shooting and robbery, including the weapon, would be found in the residence.

The judge also found that a motion to suppress based on the officers having opened the bloodstained garbage bag likely would not have been successful. The judge rejected defendant's argument that his closet was outside of the scope of the warrant that permitted the search of the "entire" residence and that it was not readily apparent that the bloodstained garbage bag might contain evidence relating to the shooting and robbery.

With respect to defendant's argument that the State did not justify a no-knock warrant, Judge Boretz found:

> [d]efendant summarily contends that the testimony elicited during the motion to suppress hearing "clearly called into question whether the no-knock search warrant had been supported by sufficient probable

A-3694-22

cause." However, PCR counsel failed to point to any testimony to support this assertion. Moreover, PCR counsel also failed to cite to any case law to support this position.

Thus, the judge concluded, a motion to suppress based on the no-knock element of the search warrant likely would not have been successful.

Judge Boretz found that it was likely trial counsel made a strategic decision to move to suppress defendant's statements to police, which had a greater chance of success than would a motion to suppress evidence obtained through the search warrant. The judge found that trial counsel likely determined that a motion challenging the search warrant would not be successful.

Judge Boretz concluded that the record contained no evidence supporting a request for a Franks hearing. As the judge explained, a defendant must make a substantial preliminary showing of falsity in the testimony submitted in support of a warrant to be entitled to a Franks hearing. In support of his position, defendant argued that Correia gave false testimony to the warrant court because he described the man depicted in the video as a "suspect" while another officer referred to him as a "person of interest."

Judge Boretz found the distinction in how the officers characterized defendant did not amount to a material falsehood, as they may have had different subjective views of defendant's status at the time of the hearing. The judge also

7

found baseless defendant's argument the detective gave materially false testimony because he did not expressly state that the video did not capture the shooting. The judge found the detective's testimony informed the warrant court that the suspect and victim walked out of the video's range before the suspect was seen seconds later returning to the residence. The clear import of that testimony, the judge found, was that the video did not capture the shooting. The judge found that "the PCR petition simply made conclusory allegations unsubstantiated by any offer of proof including reliable statements by witnesses."

A May 22, 2023 order memorialized the trial court's decision.

This appeal followed. Defendant raises the following argument.

> THE PCR COURT ERRED IN ITS RULING THAT MR. KEARNEY HAD FAILED TO MAKE A PRIMA FACIE CASE THAT HIS TRIAL COUNSEL HAD BEEN INEFFECTIVE IN NOT CHALLENGING THE SEARCH OF HIS HOME.
>
> A. THERE WAS INSUFFICIENT PROBABLE CAUSE FOR THE JUDGE TO ISSUE A NO-KNOCK SEARCH WARRANT.
>
> B. MR. KEARNEY PRESENTED A PRIMA FACIE CASE THAT HIS TRIAL ATTORNEY HAD BEEN INEFFECTIVE.

A-3694-22

## II.

Under Rule 3:22-2(a), a defendant is entitled to PCR if there was a "[s]ubstantial denial in the conviction proceedings of defendant's rights under the Constitution of the United States or the Constitution or laws of the State of New Jersey . . . ." "A petitioner must establish the right to such relief by a preponderance of the credible evidence." State v. Preciose, 129 N.J. 451, 459 (1992). "To sustain that burden, specific facts" which "would provide the court with an adequate basis on which to rest its decision" must be articulated. State v. Mitchell, 126 N.J. 565, 579 (1992).

The Sixth Amendment to the United States Constitution and Article I, Paragraph 10 of the New Jersey Constitution guarantee criminal defendants the right to the effective assistance of counsel. State v. O'Neil, 219 N.J. 598, 610 (2014) (citing Strickland v. Washington, 466 U.S. 668, 686 (1984); State v. Fritz, 105 N.J. 42, 58 (1987)). To succeed on a claim of ineffective assistance of counsel, the defendant must meet the two-part test established by Strickland and adopted by our Supreme Court in Fritz. 466 U.S. at 687; 105 N.J. at 58.

Under Strickland, a defendant first must show that his or her attorney made errors "so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." 466 U.S. at 687. Counsel's

performance is deficient if it "[falls] below an objective standard of reasonableness." Id. at 688.

A defendant also must show that counsel's "deficient performance prejudiced the defense[,]" id. at 687, because "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different[,]" id. at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome" of the trial. Ibid. "[A] court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies." Id. at 697; State v. Marshall, 148 N.J. 89, 261 (1997). "If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, which we expect will often be so, that course should be followed." Strickland, 466 U.S. at 697.

We review a judge's decision to not hold an evidentiary hearing on a PCR petition for abuse of discretion. State v. Brewster, 429 N.J. Super. 387, 401 (App. Div. 2013) (citing Marshall, 148 N.J. at 157-58). Where the PCR court has not conducted an evidentiary hearing, we review its legal and factual determinations de novo. State v. Aburoumi, 464 N.J. Super. 326, 338 (App. Div. 2020); see also State v. Nash, 212 N.J. 518, 540-41 (2013).

A hearing is required only when: (1) a defendant establishes a prima facie case in support of PCR; (2) the court determines that there are disputed issues of material fact that cannot be resolved by review of the existing record; and (3) the court determines that an evidentiary hearing is required to resolve the claims asserted. State v. Porter, 216 N.J. 343, 354 (2013) (citing R. 3:22-10(b)). "A prima facie case is established when a defendant demonstrates 'a reasonable likelihood that his or her claim, viewing the facts alleged in the light most favorable to the defendant, will ultimately succeed on the merits.'" Id. at 355 (quoting R. 3:22-10(b)).

"[T]o establish a prima facie claim, a petitioner must do more than make bald assertions that he was denied the effective assistance of counsel." Ibid. (quoting State v. Cummings, 321 N.J. Super. 154, 170 (App. Div. 1999)). A PCR petition must be "accompanied by an affidavit or certification by defendant, or by others, setting forth with particularity[,]" State v. Jones, 219 N.J. 298, 312 (2014), "facts sufficient to demonstrate counsel's alleged substandard performance[,]" Porter, 216 N.J. at 355 (quoting Cummings, 321 N.J. Super. at 170); see also R. 3:22-10(c).

Having reviewed defendant's arguments in light of the record and applicable legal principles, we affirm the May 22, 2023 order for the reasons stated by Judge Boretz in her thorough and well-reasoned written opinion.

We note that when reviewing a challenge to the sufficiency of a warrant, the court must accord "substantial deference to the discretionary determination resulting in the issuance of the [search] warrant." State v. Sullivan, 169 N.J. 204, 211-12 (2001) (alternation in original) (citing State v. Marshall, 123 N.J. 1, 72 (1991)). Probable cause is no more than a well-grounded suspicion or belief of guilt, or a fair probability that an offense has been committed. State v. Moskal, 246 N.J. Super. 12, 21 (App. Div. 1991); State v. Johnson, 171 N.J. 192, 214-15 (2002). It requires "something less than the proof needed to convict and something more than a raw, unsupported suspicion." Moskal, 246 N.J. Super. at 21. "Probable cause exists when, considering the 'totality of the circumstances,' a person of 'reasonable caution' would be justified in believing that evidence of a crime exists in a certain location." State v. Smith, 212 N.J. 365, 388 (2012) (quoting Schneider v. Simonini, 163 N.J. 336, 361 (2000)).

In light of these principles, we agree with Judge Boretz's conclusion that a motion by defendant's trial counsel to suppress the evidence obtained through the search warrant likely would not have been successful. The record amply

12                                                                    A-3694-22

supports the validity of the warrant, including its no-knock feature.  Similarly, a motion for a <u>Franks</u> hearing likely would not have been successful, given defendant's failure to identify any intentionally untruthful or misleading statements by the officers who testified at the warrant hearing.  Defendant, therefore, did not establish a prima facie claim of ineffective assistance of trial counsel.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

M.C. Harley

Clerk of the Appellate Division

A-3694-22